UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO ALVAREZ SAINEZ, | Case No.  1:26-cv-03184-JLT-HBK (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| U.S.C. GENERAL ATTORNEY (ICE), | (Doc. 8) |
| Respondent. | ORDER PERMITTING EXTENSION OF TIME TO FILE OPTIONAL REPLY |

Pending before the Court is Petitioner's pro se Motion for Appointment of Counsel, filed June 26, 2026.  (Doc. 8).  Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Facility in California City, California proceeding on his petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming, *inter alia*, that he is being illegally detained by ICE despite being "permanent/resident/green card holder." (Doc. 1 at 6-7).

Petitioner seeks appointment of counsel because the issues are complex and he has limited access to legal resources in detention.  (Doc. 8).  There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991);

*Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Under the Criminal Justice Act, 18 U.S.C. § 3006A, the Court may appoint counsel for a financially eligible person seeking relief under § 2241 when the interests of justice so require so require. *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). In making that determination, the Court considers (1) Petitioner's likelihood of success on the merits and (2) Petitioner's ability to articulate claims pro se in light of the complexity of the legal issues. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In addition, the Rules Governing Section 2254 Cases[1] require appointment of counsel if the Court authorizes discovery and counsel is necessary for effective discovery; or if the Court determines that an evidentiary hearing is warranted. *See* Rules 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Here, Petitioner challenges his ongoing detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's claims, the Court directed Respondent to respond to the Petition. Respondent filed an opposition to the petition for writ of habeas corpus with attached records necessary for considering the Petition on May 26, 2026. (Doc. 7). The Court's initial review of the records submitted does not indicate that discovery or an evidentiary hearing is necessary, nor does it show a likelihood of success on the merits for Petitioner at this stage of proceedings.

Finally, although Petitioner cites the complexity of immigration laws, he was able to competently file his habeas petition in a coherent manner. As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

////

////

Accordingly, it is ORDERED:

1. Petitioner's motion for appointment of counsel (Doc. 8) is denied without prejudice.

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., Rule 1(b).

2

2. Petitioner shall file an optional reply to Respondent's opposition no later than fourteen (14) days from the date of this Order.

Dated:    July 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3